IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EARL VANTREASE, #289250, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-0072 |
| ) | |
| BRUCE WESTBROOKS, Warden, ) | Chief Judge Sharp |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Before the Court is the respondent's motion (ECF No. 13) to dismiss without prejudice petitioner Earl Vantrease's petition for the writ of habeas corpus (ECF No. 1) on the grounds that the petitioner has not exhausted available state-court remedies. The petitioner filed a response and amended response (ECF Nos. 18, 19) in opposition to the state's motion. At the Court's directive, the state has filed a reply (ECF No. 23).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The petitioner alleges that he "is being held (indefinitely) on an invalid warrant/detainer"[1] in violation of his constitutional rights. (ECF No. 1, at 5.) More specifically, it appears that the warrant in question, No. 26229, was first issued in 2002 by the General Sessions Court for Smith County, Tennessee, charging the petitioner with aggravated robbery. The petitioner hired a lawyer at that time, who told the petitioner that "authorities" would not pursue the charges because they lacked evidence to support them. Smith County lifted the detainer and the petitioner "got out of TDOC in 2004." (*Id.*) The petitioner implies, but does not state directly, that the petitioner was held in pretrial detention for nearly two years on Warrant No. 26229 before being released from custody without trial.

The petitioner returned to TDOC custody in 2005 on an unrelated conviction and sentence. Ten years later, he was granted parole on that sentence. However, Smith County at that time reissued the warrant/detainer against him for the 2002 offense. As a result, the petitioner remains in custody, despite the fact that, the petitioner alleges, Smith County "refuses to prosecute him." (*Id.*)

---

[1] Because the petitioner and respondent both refer to the outstanding warrant as a warrant/detainer, the Court does so as well.

The petitioner asserts a number of claims based on his continued detention on the 2002 warrant, including that the indefinite detention on an invalid warrant/detainer violates his right due process, his right to a speedy trial, and his right to be free from "arbitrary and capricious state action" (ECF No. 1, at 10), and that the detention is in retaliation for his having exercised his First Amendment right to petition the courts. He expressly states in his petition that he has not presented any of his claims to the state courts "because the state has refused to prosecute, or will not take the matter before a Grand Jury or trial, yet has lifted and re-issued detainers against pet[itioner] at will, so as to harass him over the same offense, which occurred 14-years ago." (ECF No. 1, at 11.) The petitioner demands that the warrant/detainer be declared invalid, that it be dismissed with prejudice, and that the petitioner be released from custody.

In response, the respondent filed a motion to dismiss the petition on the basis that the petitioner failed to exhaust his state-court remedies before seeking relief in this Court, specifically arguing that the petitioner had not shown that the "state courts are closed to a challenge of his custody through a state writ of habeas corpus" under the Tennessee constitution and Tenn. Code Ann. § 29-21-101, and that the petitioner "fails to explain why it would be futile to seek a state writ of habeas corpus." (ECF No. 14, at 4–5.)

The petitioner filed a response to the state's motion to dismiss, asserting that the state's habeas corpus law has been repeatedly interpreted by the Tennessee Supreme Court to be available only to persons detained on a void *judgment* or expired *sentence. See, e.g.*, *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) ("In spite of the [habeas] statute's broad language, the grounds upon which habeas corpus relief will be granted are narrow. Specifically, this Court has held that the writ may be granted only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." (internal quotation marks and citations omitted)). The petitioner asserts that, because he is being held on the reissued warrant/detainer and not a judgment or sentence, the writ of habeas corpus is not available to him. (ECF No. 18, at 2–3 (citations omitted).)

At the court's directive, the respondent submitted a reply brief. In its reply, the respondent does not attempt to argue that state habeas corpus is an available remedy. The respondent now characterizes the petitioner's constitutional claims as based upon the "rescission, or revocation, of his parole based on an allegedly invalid warrant/detainer for aggravated robbery." (ECF No. 23, at 1.) The respondent then argues

that (1) a petitioner's challenge to state parole determinations and release procedures is not a cognizable basis for federal habeas relief; (2) offenders who are denied parole have appeal rights under Tenn. Code Ann. § 40-28-105(d)(11), and the petitioner concedes that he made no effort to exhaust his right to appeal the denial of parole; and (3) the petitioner can challenge an unlawful warrant/detainer by filing a motion in the Criminal Court for Smith County, Tennessee, requesting that the trial court lift the outstanding warrant/detainer or enter an order dismissing the changes and removing any corresponding detainer.

## II.     STANDARD OF REVIEW

Although the petitioner here purports to seek relief under 28 U.S.C. § 2254, that statute authorizes issuance of the writ of habeas corpus to persons in custody "pursuant to the judgment of a State court" in violation of their constitutional rights. 28 U.S.C. § 2254(a). Because the petitioner here alleges that he is in custody pursuant to an invalid warrant/detainer, the Court construes the petition as brought under 28 U.S.C. § 2241, which authorizes the district court to entertain an application for the writ to any person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). *See Phillips v. Court of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012) ("We have long recognized that pretrial detainees pursue habeas relief instead under § 2241."); *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010).

The standards that apply to § 2241 petitions "are significantly less demanding" than those that apply to petitions under 28 U.S.C. § 2254. *Phillips*, 668 F.3d at 810. That is, a petitioner who seeks relief under § 2241 will be entitled to a *de novo* review of the state court proceedings. *Id.* However, such review applies only when there is a state-court decision to review. In that regard, the Sixth Circuit has also held that all habeas petitioners, including those who proceed under § 2241, must exhaust available state-court remedies before proceeding in federal court, "and this usually requires that they appeal an adverse decision all the way to the state's court of last resort." *Id.* (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)). Habeas petitions containing unexhausted claims are dismissed without prejudice in order to permit the petitioner the opportunity to pursue them in state court. *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose v. Lundy*, 455 U.S. at 518, 520–22).

In rare circumstances, a petitioner may be excused from complete exhaustion if there is an absence of an available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant, or if it would be futile for the petitioner to present his claims to the state courts. *See,*

*e.g.*, *Phillips*, 668 F.3d at 810–11 (holding that exhaustion did not require an appeal after the trial court denied the petitioner's motion to dismiss the indictment on double-jeopardy grounds, where state law did not permit an interlocutory appeal of that decision, stating: "because the Double Jeopardy Clause prevents being twice placed in jeopardy for the same offense—that is, simply being tried twice for the same offense—to enjoy the full protection of the Clause, [a defendant's] double jeopardy challenge . . . must be reviewable before [the] subsequent exposure occurs." (internal quotation marks and citations omitted)).

Sixth Circuit case law suggests that if the state procedural bar is unclear or the availability of the state remedy uncertain, then the federal court should dismiss for failure to exhaust. *See, e.g.*, *George v. Seabold*, 909 F.2d 157, 160 (6th Cir. 1990) (dismissing a potentially meritorious claim for failure to exhaust where it was unclear whether the state courts would address the claim, holding that the district court "should not assume that the [state] courts will rule the claim invalid on the basis of procedural default rather than on the merits").

## III.     DISCUSSION

The petition in this action does not clarify the precise basis for the petitioner's continued detention. The respondent interprets the petition as alleging that the petitioner's parole was revoked or rescinded as a result of the re-issued warrant/detainer.[2] The Court liberally construes the petition in the light most favorable to the petitioner as alleging that the petitioner was granted parole but remains in custody as a direct result of the reissued warrant/detainer.

In any event, the Court cannot conclude that the petitioner's claims are procedurally defaulted or that no state remedy is available to him. If indeed the petitioner's parole was revoked or rescinded based on the lodging of the warrant/detainer to which the petitioner objects, then the petitioner should still have the ability to appeal that determination. If, instead, the petitioner was granted parole but has remained in detention because of the outstanding warrant/detainer, then the petitioner has the option of filing a motion in the court that issued the warrant to vacate or dismiss it (and to appeal an adverse ruling on such a motion). In any event, having made no effort to exhaust his state-court remedies, the petitioner cannot credibly assert that such remedies are foreclosed or barred by the state.

---

[2] The respondent may have access to underlying records that have not been supplied to the Court, or the respondent may simply be speculating. If, in fact, the petitioner's parole on his underlying state sentence was revoked or rescinded as a result of the warrant/detainer the petitioner seeks to challenge, his petition would be governed by § 2254 rather than § 2241, because the petitioner would remain in custody pursuant to the 2005 judgment and sentence.

While the petitioner's frustration with the state process is understandable, this Court is not in a position to take action under the circumstances. The habeas petition will be dismissed without prejudice to the petitioner's ability to revive his claims in this Court, if necessary, once he has exhausted his state-court remedies.

**IV.    CONCLUSION**

An appropriate order dismissing the petition for failure to exhaust is filed herewith. Because the petitioner has made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and the appropriate standard for a dismissal without prejudice for failure to exhaust under the circumstances presented here is not clear, the Court will grant a certificate of appealability.

*Kevin H. Sharp*

KEVIN H. SHARP
Chief Judge
United States District Court